[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10716

_____

GLOBAL DIGITAL SOLUTIONS, INC.,

Plaintiff-Appellee,

*versus*

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN,
JOSE CARLOS BOLZAN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-80106-DMM

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

NEWSOM, Circuit Judge:

Global Digital Solutions, Inc. contracted to acquire Grupo Rontan. The acquisition fell apart when Rontan failed to satisfy certain closing conditions, and Global subsequently filed suit to force the sale. Rontan almost entirely failed to participate in the district court proceedings, and the court granted Global a default judgment. Rontan re-engaged in the litigation after the entry of the default judgment but in time to participate in an evidentiary hearing on the issue of damages. Even then, though, Rontan failed to raise certain arguments until it submitted its proposed findings of fact and conclusions of law, after the briefing and evidentiary hearing had concluded. Rontan now seeks on appeal to make the arguments that it should have timely made to the district court. Because Rontan forfeited its liability arguments below, and because the evidence showed to a reasonable certainty both that Global suffered damages and the amount of those damages, we affirm.

## I

We begin by addressing Rontan's argument that by seeking specific performance of the acquisition agreement despite Rontan's failure to satisfy certain closing conditions, Global waived those conditions. While this might have been a winning argument had

21-10716               Opinion of the Court                      3

Rontan presented it to the district court in a timely fashion,[1] it failed to do so.

"[I]f a party hopes to preserve a[n] . . . argument, . . . [it] must first clearly present it to the district court . . . in such a way as to afford the district court an opportunity to recognize and rule on it." *CSX Transp., Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1336–37 (11th Cir. 2017) (alterations in original).  It follows that a party forfeits an argument by failing to present it to the district court in a timely fashion.  *See United States v. Gonzalez*, 834 F.3d 1206, 1217 (11th Cir. 2016) (explaining that "forfeiture is the failure to make the timely assertion of a right" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1933))).

Rontan forfeited its contention that Global waived the closing conditions by failing to timely present it to the district court. Rontan first raised the issue in its proposed findings of fact and conclusions of law, after responsive briefing and the evidentiary hearing on damages.  The district court expressly declined to consider the issue on the ground that Rontan was "afforded ample opportunity to raise this argument . . . [and] failed to do so."

Forfeiture itself isn't the death knell for Rontan's claim—we may forgive a forfeiture on consideration of five factors, *see Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir.

---

[1] We do not opine one way or the other on this issue.

4                     Opinion of the Court                    21-10716

2004)—but Rontan hasn't argued any of the forfeiture exceptions. We decline to defend Rontan's forfeiture *sua sponte*.

Because Rontan failed to raise the closing-conditions-waiver issue until after the damages hearing, when it submitted its proposed findings of fact and conclusions of law, it forfeited the issue. We accordingly affirm the district court's ruling for Global on liability.

## II

What remains is Rontan's challenge to the district court's damages award.  We review findings of fact for clear error.  *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1268 (11th Cir. 2004).  "Proof [of damages] must show with reasonable certainty that the plaintiff suffered damages and that the damages flowed as the natural and proximate result of defendant's wrongful conduct." *Aldon Indus., Inc. v. Don Myers & Assocs., Inc.*, 517 F.2d 188, 191 (5th Cir. 1975).

The evidence on which the district court relied shows just that.  The district court used Global's damages expert's estimate of Rontan's outstanding tax liabilities—which relied on KPMG's diligence report, the deposition of KPMG's due diligence manager, and publicly available information on Rontan's tax liabilities—and the court confirmed the expert's estimate against estimates provided by Rontan's CFO and a Brazilian tax attorney.  The district court calculated the value of real estate encumbrances on Rontan's properties based on a public-records search and identified outstanding debt

based on a 2018 audit.  In none of these calculations did the district court clearly err.

The district court did not abuse its discretion by excluding Rontan's damages expert and other evidence that it sought to introduce at the damages hearing.  Where, as here, a party fails to provide an expert report as required by Federal Rule of Civil Procedure 26(a)(2), "the party is not allowed to use that . . . witness to supply evidence . . . at a hearing[.]"  Fed. R. Civ. P. 37(c)(1).  Rontan did not timely provide Global with its expert report, and therefore the district court did not abuse its discretion in excluding the expert.  Similarly, Federal Rule of Civil Procedure 37(b)(2)(A)(ii) authorizes a district court to prohibit a party "from introducing . . . matters into evidence[]" that were the subject of its adversary's discovery requests to which it failed to respond despite court orders.  *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).  Global's discovery requests included information on delinquent tax obligations and the value of Rontan's shares.  The requests related to—and Rontan's failure to respond ultimately prejudiced—Global's damages calculations.  Rontan failed to turn over these documents even though the magistrate judge had compelled their production, and thus the district court did not abuse its discretion by excluding them at the hearing.

Because the district court relied on sufficient and reasonably certain evidence in calculating damages, we affirm the court's award.

★  ★  ★

6                    Opinion of the Court                    21-10716

For the foregoing reasons, we hold that Rontan forfeited the closing-conditions-waiver issue and that the district court's damages calculations were reasonably certain. Accordingly, the district court's judgment is affirmed.

**AFFIRMED**.